UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NAM HOANG TRUONG,<br>Petitioner,<br>v.<br>BRUCE SCOTT, et al.,<br>Respondents. | Case No. 2:26-cv-02553-TLF<br><br>ORDER PROVISIONALLY GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER, ON NOTICE OF IMMINENT REMOVAL |

Petitioner Nam Hoang Truong, a native of Vietnam, petitions for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 1 at 2. He is currently detained by respondents, and seeks release arguing his re-detention violated procedural and substantive due process, in addition to governing regulations. *E.g.*, Dkt. 1 at 22-25.

Petitioner now moves for a temporary restraining order ("TRO") (Dkts. 9-11) following respondents' Notice of Imminent Removal (Dkt. 8).

While the Notice was filed pursuant to this Court's Scheduling Order, Dkt. 4 (generally requiring at least 48 hours' notice prior to removal), the Notice does not appear to clarify which country respondents seek to remove petitioner to, nor does it provide copies of petitioner's travel documents. Dkt. 8.

Petitioner's TRO motion states that respondents informed him they intend to remove him to Vietnam sometime on or after July 25, 2026. Dkt. 9 at 2. He also states

that he "did not learn until yesterday that Vietnam had issued a travel document and ICE has not shown him a copy." Dkt. 9 at 5.

Even so, petitioner challenges the validity of these travel documents. The Government's notice states that "ICE is in possession of a travel document to affect your removal"; but has not provided a copy of any travel documents for removal to Vietnam. Dkts. 8, 8-1.

The petition and TRO motion before the Court raise serious questions on the merits of petitioner's claims. This imminent removal threatens to moot petitioner's pending habeas petition before the Court can review the allegations and evidence concerning respondents' re-detention. As his petition argues that he should not be detained, and the government has not produced the travel documents from Vietnam, the Court invokes its authority to preserve the Court's jurisdiction and to maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [] jurisdiction over the matter."). The federal habeas statue also permits the Court to "dispose of the matter as law and justice require." 28 U.S.C. § 2243; *see also Escobar Salgado v. Mattos,* 809 F. Supp. 3d 1123, 1162 (D. Nev. 2025) (quoting *Carafas v. LaVallee*, 391 U.S. 234, 239 (1968)) (noting that under 28 U.S.C. § 2243, the "'mandate is broad with respect to the relief that may be granted.'").

For those reasons, the Court **ORDERS:**

**1)** Petitioner's TRO motion, Dkt. 9, is **provisionally GRANTED**.

- Respondents are **PROHIBITED** from removing Petitioner to any country or from the Northwest ICE Processing Center to any other detention facility

during the pendency of these proceedings, **without further order of this Court**, unless necessary for medical evaluation, medical treatment, or release.

**2)** To facilitate the efficient resolution of this case and the TRO motion, the briefing on the main habeas petition and the TRO motion shall be submitted together as follows:

- Respondents' response brief, currently due **on or before August 4, 2026**, shall also respond to petitioner's TRO motion. This includes clarifying whether travel documents have been issued for the petitioner to Vietnam, and if so, providing copies of all relevant travel documents.
- Petitioner may then file a traverse or reply **on or before August 10, 2026.**

Dated this 24th day of July, 2026.

Theresa L. Fricke
United States Magistrate Judge