UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NAM HOANG TRUONG,<br>Petitioner,<br>v.<br>BRUCE SCOTT, et al.,<br>Respondents. | Case No. 2:26-cv-02553-TLF<br><br>ORDER DENYING HABEAS PETITION |

Petitioner, Nam Hoang Truong, is a 53-year-old man born in Vietnam. Dkt. 15 at 5 (amended petition); Dkt. 19 at 2 (deportation officer ("DO" declaration). He is currently detained by the U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 15 at 4; Dkt. 19 at 3.

Before the Court is petitioner's amended habeas petition filed under 8 U.S.C. § 2241 (Dkt. 15), and his motions for a temporary restraining order ("TRO") (Dkt. 9) and a preliminary injunction (Dkt. 16). The parties presented oral argument on August 26, 2026. Dkt. 22. The parties unanimously consent to the jurisdiction of a Magistrate Judge. Dkt. 5.

For the reasons below, the habeas corpus petition is **DENIED**. This Court lacks authority to address petitioner's claims relating to the validity of his removal order. And petitioner is not entitled to release under his other claims challenging his re-detention and the revocation of his Order of Supervision ("OSUP").

## I. BACKGROUND

Petitioner is a 53-year-old man born in Vietnam. Dkt. 15 at 5; Dkt. 19 at 2. In 1994, petitioner entered the United States and was ultimately admitted as a Lawful Permanent Resident. Dkt. 15 at 5; Dkt. 19 at 2.

In 1998, an Immigration Judge ("IJ") ordered petitioner removed to Vietnam due to his conviction for assault in the second degree with a deadly weapon enhancement in Washington State court. Dkt. 15 at 5; Dkt. 19 at 2; Dkt. 20-3 (IJ Order).

In 2000, the government released petitioner under an OSUP.[1] Dkt. 20-4.

On June 22, 2026, respondents re-detained petitioner, citing the 1998 removal order. Dkt. 20-1 (I-213 Form asserting petitioner's assault conviction and removal order).

Petitioner then moved before the Board of Immigration Appeals ("BIA") to stay his removal and reopen his immigration proceedings. Dkt. 15 at 7; Dkt. 19 at 3. For these motions, he argues his 1998 removal order is no longer valid as the underlying conviction for assault is no longer a proper basis for removal per *United States v. Robinson*, 869 F.3d 933 (9th Cir. 2017). *E.g.*, Dkt. 15 at 7, 10.

Respondents assert they obtained a travel document from Vietnam on June 5, 2026.[2] Dkt. 19 at 2-3; Dkt. 20-5. This occurred before petitioner's re-detention on June 22, 2026, and the filing of his initial petition on July 20, 2026. Dkt. 1. Petitioner amended

[1] While not directly asserted by the parties' briefs in this action, petitioner filed a previous habeas petition before this Court in June 2000 under the case number 2:00-cv-00799-JCC.

In September 2000, this Court granted the petition in part and ordered petitioner's interim release, ultimately leading to his release on an OSUP.

In August 2001, the Court denied petitioner's derivative citizenship challenge in which petitioner asserted his father was a United States citizen.

[2] Respondents filed an unredacted copy of the travel document under seal in response to this Court's order. Dkts. 23-25. The filing confirms the travel document is unexpired as of the filing of this Order.

his habeas petition on August 4, 2026, claiming that “[a]t no point, has ICE shown him a copy of its alleged travel document.” Dkt. 15 at 6.

Petitioner’s amended habeas petition seeks release and asserts numerous claims. First, he asks this court to enjoin his removal on the basis his final removal order is no longer valid. *E.g.*, Dkt. 15 at 33. Second, he asks this court to enjoin his removal until the BIA rules on his motions, or until he can file an appeal with the Ninth Circuit. *E.g.*, Dkt. 15 at 34.

Third, he asserts a substantive due process claim against his re-detention on numerous grounds. *E.g.*, Dkt. 15 at 35. For example, he asserts more arguments related to his assault conviction, he argues his removal is not reasonably foreseeable under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and asserts his re-detention did not comply with 8 C.F.R. § 241.13(i). *E.g.*, Dkt. 15 at 35-36. Fourth, he asserts a procedural due process claim against his re-detention under the factors from *Mathews v. Eldridge*, 424 U.S. 319 (1976). *E.g.*, Dkt. 15 at 36. Fifth, he argues respondents failed to comply with their regulations, namely 8 C.F.R. § 241.13(i), when they re-detained him. *E.g.*, Dkt. 15 at 37. Finally, he briefly asserts a “Punitive Banishment” claim under the Fifth and Eighth Amendments. *E.g.*, Dkt. 15 at 38-39.

The Court provisionally granted petitioner’s TRO motion for the sole purpose of preserving its jurisdiction in light of the government’s Notice of Imminent Removal. Dkts. 8, 12.

## II. DISCUSSION

### A. Removal Order and BIA Motion Claims

Petitioner asserts numerous claims requesting this Court address both the validity of his final removal order and his pending motions before the BIA. *E.g.*, Dkt. 15 at 33-39.

The Immigration and Nationality Act ("INA") provides that "[e]xcept as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory) . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).

The Ninth Circuit held § 1252(g) blocked claims similar to those asserted by petitioner here, reasoning that "[n]o matter how [the petitioner] frames it, his challenge is to the Attorney General's exercise of his discretion to execute Matias's removal order, which we have no jurisdiction to review." *Rauda v. Jennings*, 55 F.4th 773, 776, 778 (9th Cir. 2022) (addressing both petitioner's challenge of his final removal order and his request "to enjoin the government from removing him until the BIA ruled on his motion to reopen and the court ruled on his habeas petition."); *see also Badran v. Lyons*, No. 8:26-cv-01145-SK, 2026 WL 1764911, at *2 (C.D. Cal. Jun. 11, 2026) ("each claim asks this court to find essentially that his removal order is invalid because the underlying conviction that formed the basis for removal has been vacated . . . That is a challenge to the validity of a final removal order—a matter reserved for the Ninth Circuit, not federal habeas courts.").

The authorities petitioner relies upon in his briefing and at oral argument, *e.g.*, *Vega-Anguiano v. Barr*, 982 F.3d 542 (9th Cir. 2019); *Lopez v. Garland*, 17 F.4th 1232 (9th Cir. 2021); *Arce v. United States*, 899 F.3d 796 (9th Cir. 2018);[3] *Nken v. Holder*, 556 U.S. 418 (2009), are inapposite as each appears to address federal appellate courts' authority to review the BIA's adjudication of immigration matters, not a federal District Court's authority.

Petitioner's claims under the Mandamus Act, 28 U.S.C. § 1361, or the APA, also fail on this point as "there is no Mandamus Act an exception to the jurisdiction-stripping effect of § 1252(g)," *Jian Wang v. Wolf*, 511 F. Supp. 3d 1060, 1067 (C.D. Cal. 2021), and § 1252(g) expressly applies "notwithstanding any other provision of law (statutory or nonstatutory) . . ."

Petitioner's "Punitive Banishment" claim similarly fails on this point, in part due to the generalized nature of the arguments and authorities asserted therein, but also because it appears providing relief on the claim would ultimately cut to the validity of the removal order. *E.g.*, Dkt. 15 at 38-39.

In sum, this Court lacks authority to address petitioner's claims relating to the validity of his removal order or pending BIA motions.

**B. Due Process and Regulatory Claims**

Petitioner also asserts respondent's revocation of his OSUP violated their regulations, namely 8 C.F.R. § 241.13(i). Petitioner further alleges a procedural due process claim asserted under *Mathews*. Dkt. 15 at 7-8, 21-34.

[3] The Ninth Circuit in *Acre* addressed a District Court's dismissal of a Federal Tort Claims Act claim, not a District Court's direct review of a final removal order. 899 F.3d at 798-99.

The Court will address these claims as each asks this Court to assess petitioner's re-detention, namely the revocation of petitioner's OSUP, and not the validity of his removal order. *See Badran*, 2026 WL 1764911, at *2 ("reviewable habeas petitions may challenge the lawfulness of detention on grounds independent of the removal order's validity—the length of detention, the absence of a bond hearing, the standards applied at one, and so forth.").

**i. Compliance with 8 C.F.R. § 241.13(i)**

The regulation governing revocation of petitioner's OSUP is 8 C.F.R. § 241.13(i). Absent a violation of the OSUP under § 241.13(i)(1), an OSUP may be revoked "on account of changed circumstances" if respondents "determine[] that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." § 8 C.F.R. 241.13(i)(2). To illustrate, a "changed circumstance would be that the Department of Homeland Security ('DHS') had secured a travel document . . ." *Pham v. Noem*, No. 5:26-cv-03018-SRM-JDE, 2026 WL 2326101, at *4 (Aug. 11, 2026).

The regulation spells out specific requirements for revocation, which include the noncitizen being "notified of the reasons for revocation," that respondents "conduct an initial informal interview promptly," that the noncitizen be given "an opportunity to respond to the reasons for revocation" including an opportunity to "submit any evidence or information . . ." 8 C.F.R. § 241.13(i)(3).

Here, respondents assert a travel document obtained on June 5, 2026, before petitioner was re-detained on June 22, 2026. Dkt. 19 at 2-3; *see also* Dkt. 20-5.

But, respondents do not substantively address or refute petitioner's claims that they did not comply with the above-described revocation requirements of 8 C.F.R. § 241.13(i). For example, respondents' Deportation Officer declaration fails to

substantively describe the revocation process, beyond stating the dates when a travel document was obtained, when petitioner was re-detained, and procedural events occurring after petitioner filed his habeas petition. Dkt. 19 at 2-3. And respondents' documentary evidence also does not substantively address their compliance with § 241.13(i)(3) at or around the time petitioner's re-detention. *E.g.*, Dkt. 20-1 (June 2026 Form I-213); Dkt. 20-6 (July 2026 Notice of Imminent Removal.

Even so, petitioner's release is not warranted as respondents obtained travel documents from Vietnam, and crucially did so prior to petitioner's re-detention as is elaborated below. *See Thiravong v. Scott*, No. C26-1400-MLP, 2026 WL 1382356, at *2-*3 (W.D. Wash. May 18, 2026) (noting, even in the face of alleged regulatory violations, "courts in this district have rejected due process claims because the government had obtained a travel document prior to redetention.").

**ii. *Mathews* Claim**

For petitioner's *Mathews* claim, the Court assesses three factors: (1) private interest affected by the official action; (2) risk of erroneous deprivation of such interest through the procedures used, and the probable value of additional or substitute procedural safeguards; and (3) respondents' interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *Mathews*, 424 U.S. at 335; *Rodriquez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (2022) (assuming without deciding that the Mathews test applies "in the immigration detention context.").

The first *Mathews* factor weighs in petitioner's favor. Courts have previously held, individuals on release, even when such release is conditional, have a liberty interest in their continued freedom from custody. *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316,

1321-22 (W.D. Wash. 2025); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025). Here it is undisputed petitioner had been released under an OSUP since 2000. *E.g.*, Dkt. 15.

However, courts have held a “noncitizen’s liberty interest in freedom from detention [is] ‘significantly reduced’ where his detention occurred after the government secured a travel document for his removal.” *Lee v. Scott*, No. C26-2179-MLP, 2026 WL 2186139, at *5 (W.D. Wash. Jul. 29, 2026) (quoting *Saechao v. Scott*, No. 2:26-cv-00548-TMC, 2026 WL 626765, at *4 (W.D. Wash. Mar. 5, 2026)); *see also Thiravong*, 2026 WL 1382356, at *2-*3.

The second *Mathews* factor does not weigh in petitioner’s favor. “Courts in this District have found a low risk of erroneous deprivation when the government has a valid travel document prior to redetaining the noncitizen,” as is the case here. *Lee*, 2026 WL 2186139, at *6 (citing *Saechao*, 2026 WL 676765, at *4); *Thiravong*, 2026 WL 1382356, at *2-*3. While petitioner asserts he has not directly seen the travel document as of filing his amended petition, *e.g.*, Dkt. 15 at 6, the Court has no substantive reason to question the validity of the travel document provided by respondents or the declaration testimony on that point. *E.g.*, Dkts. 19, 20-5, 25; *see also Lee*, 2026 WL 2186139, at *5.

The third *Mathews* factor also does not weigh in petitioner’s favor. The Government’s interest in enforcing immigration laws and returning petitioner to Vietnam is significantly greater when there is a final order of removal, and a currently valid travel document. *Thiravong,* 2026 WL 1382356, at *3; *see also Manivong v. Mullin,* No. 2:26-cv-01123-TLF, 2026 WL 1162413, at *4 (W.D. Wash. Apr. 4, 2026). Although petitioner argues that his order of removal should be overturned, that is not an issue for this Court to decide because arguments concerning the legal viability of a criminal conviction

underlying a removal order is not within this Court's habeas corpus jurisdiction. *See,* 8 U.S.C. § 1252(g); *Rauda,* 55 F.4th at 777-778.

As a final note, petitioner's claim under *Zadvydas* that his removal is no longer reasonably foreseeable is foreclosed by the government obtaining travel documents. *See Thiravong*, 2026 WL 1382356, at *4. And to the extent petitioner relies on his "Punitive Banishment" claim to contest his re-detention, *e.g.* Dkt. 15 at 38 (challenging his "sudden expulsion" after 28 years), it fails for reasons similar to those described above.

## III. CONCLUSION

The amended habeas petition (Dkt. 15) is **DENIED** without prejudice. Petitioner's motions for a TRO (Dkt. 9) and preliminary injunction (Dkt. 16) are **DENIED** as moot.

Dated this 24th day of September, 2026.

Theresa L. Fricke
United States Magistrate Judge